NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>INWOOK "Andy" YOO,<br><br>          Defendant. | No. CR 18-378-DSF<br><br>GOVERNMENT'S REVISED SENTENCING POSITION CONSIDERING DEFENDANT'S FLIGHT<br><br>Hearing: September 28, 2020<br>         10:00am |

     Before defendant absconded from his scheduled November 4, 2019, sentencing, the government had concurred in the findings of the Presentence Report, which resulted in a guideline range of 78 to 97 months, and had recommended a Section 3553(a) variance downward to 60 months.  For all the reasons previously stated, the government continues to believe that a sentence below the guideline range is appropriate.  But, as discussed below, defendant's guideline range has dramatically increased because by absconding, defendant has obstructed justice and has demonstrated that he has not accepted responsibility.

**A. DEFENDANT'S ABSCONDING CONSTITUTES OBSTRUCTION OF JUSTICE**

Section 3C1.1 calls for a two-level enhancement if "(1) the defendant willfully obstructed or impeded . . . the administration of justice with respect to the . . . sentencing of the instant offense of conviction , and (2) the obstructive conduct related to (A) the defendant's offense of conviction . . . ." There is no clearer example of such conduct than defendant's flight just before sentencing. More than seven months ago, defendant fled, cutting off contact with his mother and sister, presumably so that he could not be tracked through an investigation of them, except for a phone call to tell his mother he was okay so that she would not worry excessively about his disappearance. (Dkt. 50.) By doing so, he delayed his sentencing by 10 months and, more importantly, created great doubt that any sentence this Court imposed would ever be carried out. The guidelines specify that "willfully failing to appear, as ordered, for a judicial proceeding," warrants an obstruction of justice enhancement. USSG § 3C1.1, app. n. 4(E).

**B. DEFENDANT FAILED TO ACCEPT RESPONSIBILITY**

It is defendant's burden to establish that he has "clearly" accepted responsibility for his offense. United States v. Alexander, 48 F.3d 1477, 1493 (9th Cir. 1995); USSG § 3E1.1(a). "Conduct resulting in an enhancement under § 3C1.1 (Obstruction . . . of Justice) ordinarily indicates that the defendant has not accepted responsibility. . . ." USSG § 3E1.1, app. note 4. Here, defendant intentionally evaded responsibility for his crime by fleeing.

### C. DEFENDANT'S ADJUSTED GUIDELINE RANGE CONSIDERING HIS FLIGHT IS 135-168 MONTHS

Defendant's final offense level with obstruction of justice, and without acceptance of responsibility, is 33.  Because defendant is in criminal history category I, that results in a guideline range of 135 to 168 months.

### D. THE GOVERNMENT RECOMMENDS 100 MONTHS IN PRISON FOLLOWED BY FIVE YEARS OF SUPERVISED RELEASE

For the reasons previously stated—especially defendant's lack of criminal history and his relinquishing his ill-gotten gains so that the victims in this case will be the rare ones who receive almost full restitution—the government believes that a sentence below the guideline range is just.  Accordingly, the government recommends a prison sentence of 100 months followed by five years of supervised release.

Dated: July 2, 2020           Respectfully submitted,

                              NICOLA T. HANNA
                              United States Attorney

                              BRANDON D. FOX
                              Assistant United States Attorney
                              Chief, Criminal Division

                              *Andrew Brown*
                              _____
                              ANDREW BROWN
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA