```
JOSEPH F. WALSH
Attorney at Law
California State Bar No. 67930
205 S. Broadway, Suite 606
Los Angeles, California 90012
Tel: (213) 627-1793
Fax: (213) 627-1711
Email: attyjoewalsh@aol.com

Attorney for Defendant
INWOOK YOO
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>INWOOK YOO,<br><br>                Defendant. | CASE NO. CR No. 18-378-DSF<br><br>**DEFENDANT YOO'S RESPONSE TO THE GOVERNMENT'S REVISED SENTENCING POSITION CONSIDERING THE DEFENDANT'S FLIGHT**<br><br>Date: September 28, 2020<br>Time: 10:00 a.m.<br>Ctrm: Hon. Dale S. Fischer |

      The Defendant, INWOOK YOO, hereby submits the following response to the Government's Revised Sentencing Position considering Defendant's Flight.

```
Dated: July 8, 2020              /s/ Joseph F. Walsh
                                 JOSEPH F. WALSH
                                 Attorney for Defendant
                                 INWOOK YOO
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Defendant, INWOOK YOO, failed to appear for sentencing on November 4, 2019. The Government has requested a sentencing in absentia. The Defense Counsel Objects to the sentencing in absentia on the grounds that he has been unable to communicate with the Defendant and the Defendant will be unable to participate in the sentencing hearing. Nevertheless, Defense Counsel recognizes that a sentencing in absentia is legally permitted based on the Ninth Circuit decision in United States v Ornelas, 828 F. 3d 1018 (9th Cir. 2016).

## II. GOVERNMENT'S SENTENCING RECOMMENDATIONS

In November of 2019, the Government had asked for a sentence of 60 months. The Government has now asked for a 100 month sentence based upon the Defendant's flight and failure to appear at his original sentence hearing. The Government justifies the additional sentence on the grounds that by failing to appear, the Defendant should receive a 2 level increase for obstruction of justice and should not receive a 3 level reduction for acceptance of responsibility. The Government argues that the Original

Level 28 is now increased to Level 33, which calls for a sentence between 135 to 168 months.

Defense Counsel does not dispute the Government's Guideline calculations. However, since the Guidelines are advisory only, Defense Counsel will focus on other factors that are relevant to mitigation of the sentence.

The Government's request for a 100 month sentence is a 40 month increase over their original 60 month recommendation. The 40 month increase in the Government's sentencing recommendation is based entirely on the Defendant's failure to appear.

The Government's argument should be compared to the Guidelines for Bail Jumping. The Crime of Bail Jumping carries a maximum sentence of 5 years. 18 U.S.C. § 3146. The Guidelines for Bail Jumping are in Guidelines Section 2J1.6. The Base Offense level is 6, (2J1.6 (a)(2)), and there is a 9 level increase because the underlying crime (Conspiracy to Commit Bank Fraud) carried a sentence of 15 years or more. (2J1.6 (b)(2)(A)). The Final Offense Level for Bail Jumping in this case is Level 15, which carries a sentence range of 18 to 24 months.

### III. DEFENDANT'S SENTENCING RECOMMENDATION

In November of 2019, the Defendant had asked in his sentencing papers for a sentence of less than 30 months. He argued for a downward variance on the grounds that he assisted the government in the recovery of $4,600,000, which was approximately 90% of the actual loss of $5 Million Dollars. He also argued that the Guidelines for the intended loss, which in this case is $5 Million Dollars, substantially overstates the seriousness of the offense, where the actual loss is approximately $400,000.

Finally, the Defendant argued for a sentence similar to that imposed on the Co-Defendant Shin Ho Kang. The Court has already sentenced the co-defendant, Shin Ho Kang, to 30 months in custody. Mr. Kang did not assist the Government in recovering the stolen money and made no restitution on a $793,354.69 loss.

By contrast, the Defendant, Inwook Yoo, did assist the Government, by agreeing to the forfeiture of all of the money in his bank accounts, and through his cooperation, the Government forfeited and recovered $4.6 Million Dollars, 90% of the stolen money. The actual out of pocket loss amount in the Defendant's case is approximately $400,000, a figure that is half the actual loss in the case of Shin Ho Kang.

4

If the Court considers the Defendant's failure to appear as a changed circumstance that warrants an increase sentence, the Defendant urges the Court to increase the sentence commensurate with the 18 months sentence recommended for Bail Jumping.  Based on those Guidelines, the Defendant asks the Court to sentence the Defendant to no more than 48 months.

Dated: July 8, 2020                    Respectfully Submitted,

                                       /s/ Joseph F. Walsh

                                       JOSEPH F. WALSH
                                       Attorney for Defendant
                                       INWOOK YOO

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.

    I am over the age of 18 and not a party to the within action; my business address is 205 S. Broadway, Suite 606, Los Angeles, California 90012.

    On July 8, 2020, I served the foregoing document described as **DEFENDANT YOO'S RESPONSE TO THE GOVERNMENT'S REVISED SENTENCING POSITION** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

ANDREW BROWN
ASSISTANT U.S. ATTORNEY
MAJOR FRAUDS SECTION
312 North Spring Street, 11th Floor
Los Angeles, California 90012

JONATHAN MANAHAN
U.S. PROBATION OFFICER
312 North Spring Street, 6th Floor
Los Angeles, California 90012

    I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on July 8, 2020 at Los Angeles, California.

                                      /s/ Joseph Walsh
                                          JOSEPH WALSH